# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JOSEPH BANASIAK, as Personal Representative of the Estate of HABIB TAGIZADIEH a/k/a HABIB ZEDEH, deceased, <br>     Plaintiff, <br><br> v. <br><br> ADMIRAL INSURANCE COMPANY and JENNIFER MEUHLMAN, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   CAUSE NO.: 2:14-CV-182-PRC <br> ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

This matter is before the Court *sua sponte* on the issue of the Court's subject matter jurisdiction. *See Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) ("[N]ot only may the federal courts police subject matter jurisdiction *sua sponte*, they must.").

On April 21, 2014, Plaintiff Joseph Banasiak, Personal Representative of the Estate of Habib Tagizadieh, filed this cause in the Lake County, Indiana, Superior Court, seeking a declaratory judgment regarding Defendant Admiral Insurance Company's ("Admiral") alleged duties to defend and to indemnify the Estate in Defendant Jennifer Meuhlman's[1] medical malpractice suit against the Estate. In the medical malpractice case, a non-final default judgment was entered in Meuhlman's favor in 2010, but Plaintiff has filed a subsequent motion to vacate that default judgment. That motion has not yet been ruled upon, and all hearings in the medical malpractice suit have been continued by agreement.

On May 30, 2014, Admiral removed the instant cause of action to federal court. As ordered

---

[1] Admiral's most recent filing incorrectly lists Meuhlman as a plaintiff. The Court has not ordered realignment of the parties and Admiral does not have the authority to realign parties on its own.

by the Court, on June 3, 2014, Admiral filed an Amended Notice of Removal that alleged the existence of diversity jurisdiction. On October 14, 2015, the Court ordered additional briefing on the issue of subject matter jurisdiction. Plaintiff filed a response on October 28, 2015, and Admiral filed a reply on November 4, 2015.[2]

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings in this case. Therefore, this Court has jurisdiction over this case pursuant to 28 U.S.C. § 636(c).

**A. Analysis**

In the Amended Notice of Removal, Admiral alleges that the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(b). The Court can only exercise diversity jurisdiction if the parties are citizens of different states, with no defendant a citizen of the same state as any plaintiff. 28 U.S.C. § 1332. At the time of his death, Habib Tagizadieh was a citizen of Indiana, so Plaintiff is a citizen of Indiana. *See* 28 U.S.C. § 1332(c)(2). Defendant Meuhlman is also a citizen of Indiana. Admiral asserts in its Amended Notice of Removal that diversity is not destroyed by the Indiana citizenship of Plaintiff and Meuhlman because the Court should realign Meuhlman as a plaintiff due to the interests in the present action that she shares with Plaintiff. Plaintiff's response does not advocate a particular result. Admiral's reply provides additional case law in support of its position.

Thus, the issue before the Court is whether Meuhlman should be realigned with Plaintiff, which would enable the Court to exercise diversity jurisdiction over the case. In making realignment

---

[2]Admiral, in its reply brief, incorporates by reference, "for the convenience of the Court," all of the facts set forth in its memorandum in support of its summary judgment motion. (Def.'s Reply 2.) In reality, however, what is convenient for the Court is a concise statement of the facts relevant to the instant briefing, not a broad incorporation by reference of the facts material to summary judgment.

decisions, courts have the duty to "look beyond the pleadings[] and arrange the parties according to their sides in the dispute." *City of Indianapolis v. Chase National Bank*, 314 U.S. 63, 69 (1941) (quoting *City of Dawson v. Columbia Ave. Saving Fund, Safe Deposit, Title, & Tr. Co.*, 197 U.S. 178 (1905)). The decision must be based on the facts as they existed at the time the action was commenced. *See Am. Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981). "The propriety of alignment is a matter not determined by mechanical rules, but rather by pragmatic review of the principal purpose of the action and the controlling matter in dispute." *Id.* (citing *City of Indianapolis*, 314 U.S. at 69). "Realignment is proper when the court finds that no actual, substantial controversy exists between parties on one side of the dispute and their named opponents . . . ." *Am. Motorists Ins. Co.*, 657 F.2d at 149; *accord City of Indianapolis*, 314 U.S. at 69. The "actual and substantial conflict" test centers on the parties' points of antagonism, not points of agreement. *Wolf v. Kennelly*, 574 F.3d 406, 412 (7th Cir. 2011). For realignment to be proper, it is not enough to show that the parties have common interests; instead, there must be no actual, substantial conflict between the parties that would justify placing them on opposite sides of the lawsuit. *Id.*

*Preferred Chiropractic, LLC v. Hartford Casualty Insurance Co.* is factually similar to the present litigation. No. 10-cv-972, 2011 WL 2149091 (S.D. Ill. May 31, 2011). In *Preferred Chiropractic,* an insured party brought suit against an insurance company and an injured party. *Id.* at *1. The insured party sought declaratory judgment that the insurance company had the duties to defend and to indemnify the insured party against the injured party in the underlying claim. *Id.* The insurance company sought to remove the case to federal court on the basis of diversity jurisdiction, arguing that the injured party should be realigned as a plaintiff, which would have created complete

diversity between the adverse parties. *Id.* The court determined that, while the normal alignment in declaratory judgment suits is the insured and injured parties against the insurer, the claim regarding the insurance company's duty to defend presented a conflict that prevented the court from realigning the injured party as a plaintiff alongside the insured party. *Id.* at *3. Similarity of interests between the injured and insured parties regarding the insurance company's alleged duty to indemnify was not proper to consider because the underlying litigation was still ongoing. *Id.* The insured party first needed a defense, and only if the defense was unsuccessful would it need an indemnitor. *Id.*

In determining whether realignment of Meuhlman as a plaintiff is proper, the Court must decide whether there is an actual and substantial conflict between Plaintiff and Meuhlman. At issue in the present lawsuit is whether Defendant Admiral must indemnify and defend Plaintiff against Muehlman's medical malpractice claim. That is, the present suit is Plaintiff's attempt to gain a defense from Admiral with which to defeat Meuhlman's claim. Though default judgment has been entered against Plaintiff in Meuhlman's state-court medical malpractice lawsuit, that judgment is not final, and there is before that court a pending motion to vacate the default judgment, which will be heard upon a party's request to reset the matter for hearing. As in *Preferred Chiropractic*, the duty to defend in this case is not merely hypothetical; if Admiral is found in this case to owe Plaintiff the duty to defend, the pending motion to vacate in state court will trigger this duty. In contrast, any duty Admiral may have to indemnify Plaintiff will only be activated, if ever, after the duty to defend. The duty to defend creates a point of significant controversy between Meuhlman and Plaintiff, and there is an actual, substantial conflict between the two parties. Placing Meuhlman and Plaintiff on opposite sides of the lawsuit is justified, and realignment would be improper.

The four cases Admiral cites in support of realignment are distinguishable from the instant

4

litigation. The only precedential case Admiral cites is *Truck Insurance Exchange v. Ashland Oil, Inc.*, 951 F.2d 787 (7th Cir. 1992). *Truck Insurance Exchange* was brought by an insurance company and sought declaratory judgment that it was not liable to pay the judgment an insured party owed to an injured party. *Id.* at 788. The insured and the injured parties were both originally aligned as defendants to the declaratory judgment suit. *Id.* Admiral misstates the finding of this case and represents that the court found that no actual or substantial conflict existed between the insured party and the injured. That is not what the court found. The court made no analysis of any conflict between the co-defendant insured and injured parties. The court only analyzed the conflict between the insurance company and the insured party and between the insurance company and the injured party.[3] *Id.* Because the realignment analysis in the present suit turns on whether there is actual, substantial conflict between the insured and injured parties, a relationship which *Truck Insurance Exchange* did not analyze, this case provides little guidance.

In *Ferraro v. Humphrey*, an injured party filed a declaratory judgment action against an insured party and an insurance company. No. 2:14-cv-396, 2015 WL 685886 (N.D. Ind. Feb. 18, 2015). A default judgment had been entered in the underlying suit, and there is no indication that a motion to vacate that judgment was filed. *Id.* at *1. The *Ferraro* court determined the primary controversy to be the duty to indemnify—whether the insurance policy proceeds should be used to pay the judgment. *Id.* at *4. In contrast, the Court finds the instant suit to be first about Admiral's alleged duty to defend—whether Admiral must defend Plaintiff against Meuhlman's lawsuit,

---

[3]Admiral also uses creative phrasing in describing the *Truck Insurance Exchange* court's holding. Admiral states that the court held "that the insurance company was to be aligned as the adversary of the insured and the insured's victims in the action." (Def.'s Reply 5). While this wording implies that the court ordered realignment, the court found that the insurance company was *already properly aligned* as an adversary to the other parties. *Truck Ins. Exch.*, 951 F.2d at 788.

5

including the pending motion to vacate the default judgment. In the present litigation, the alleged duty to indemnify may never be triggered and is therefore a secondary matter.

*Davis v. Carey* was originally brought in state court by an injured plaintiff against an insured defendant. 149 F. Supp. 2d 593, 595 (S.D. Ind. 2001). After default judgment was entered, the plaintiff added an insurance company as a garnishee-defendant, and the insurance company removed the case to federal court. *Id.* The court, in making its decision to realign the insured party as a plaintiff, noted that no motion to vacate the default judgment had been made. *Id.* at 595-96. Similar to *Ferraro*, the lack of motion to vacate the default judgment provides a crucial distinction to the instant case because, here, where such a motion to vacate default judgment has been made in the state court proceeding, the alleged duty to defend will be triggered if it is found to be owed as a result of the present litigation.

In *Visteon Corp. v. National Union Fire Insurance Co.*, an insured party brought suit against an insurance company and an injured party. No. 1:11-cv-200, 2011 WL 6046272, at *1 (S.D. Ind. Oct. 13, 2011). The insured party sought declaratory judgment that the insurance company must defend and indemnify the insured party against the injured party's claims in the underlying bankruptcy action. *Id.* The parties were fully diverse, and the insurance company's removal to federal court was challenged for lack of the injured party's consent to removal. *Id.* The argument for actual, substantial conflict presented to the court in opposition to realignment was that the injured and insured parties disagreed on whether the insured party was liable to the injured party for the injury. *Id.* at 5. The court did not address whether the alleged duty to defend created an actual and substantial conflict. *Id.* at *3-6. Because the parties were fully diverse, realignment was not necessary to preserve subject matter jurisdiction. As a result, arguments not made were waivable,

6

and the lack of discussion of the duty to defend in that case provides little guidance to resolution of the instant case, because there can be no waiver of subject matter jurisdiction. *See* 28 U.S.C. 1447(c); *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998).

Realignment of the parties is improper because Admiral's alleged duty to defend Plaintiff against Meuhlman's underlying claim creates an actual, substantial conflict between Plaintiff and Meuhlman. Because Plaintiff and Defendant Meuhlman are both citizens of Indiana, the parties are not diverse. The Court lacks subject matter jurisdiction.

### D. Conclusion

Based on the foregoing and pursuant to 28 U.S.C. § 1447, the Court hereby **REMANDS** this case to the Lake County, Indiana, Superior Court for all further proceedings.

SO ORDERED this 10th day of November, 2015.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT